IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **FEDERAL TRADE COMMISSION**, Petitioner, v. **FULLY ACCOUNTABLE, LLC,** Respondent. | Misc. No. 5:18mc54<br><br>JUDGE SARA LIOI<br>Magistrate Judge George J. Limbert |

**STATUS REPORT**

The Federal Trade Commission submits this status report regarding Respondent Fully Accountable, LLC's compliance with the Court's Order dated August 13, 2018. That Order required Fully Accountable to comply in full with the Commission's 2017 civil investigative demand (CID) within 10 days, or by August 23, 2018.

As discussed in the status report dated November 7, 2018, as part of its ongoing investigation of Fully Accountable and assessment of its compliance with the Court's Order, the FTC issued two additional CIDs on September 10, 2018, one to Fully Accountable and one to an individual named Sarah Scava. The CID issued to Fully Accountable asked for testimony from that entity on seven topics. These

topics included the company's responses to the original CID issued on September 21, 2017 that was the basis for this proceeding, the company's document preservation efforts, the company's records management system, and its relationships to Sarah Scava and Elevated Health, LLC, an entity the FTC has reason to believe is related to Fully Accountable. On October 5, 2018, Fully Accountable filed with the Commission a petition to limit or quash this CID, claiming that it sought information irrelevant to and outside of the scope of the investigation. Fully Accountable also claimed that the CID for testimony was unduly burdensome.[1]

The CID issued to Sarah Scava—a former employee of Fully Accountable who was also involved with Elevated Health while a Fully Accountable employee—called for her personal testimony on 13 topics, including her work with Fully Accountable, her involvement with Elevated Health, and the relationships between Elevated Health and several other entities at issue in the investigation. On October 5, 2018, Elevated Health LLC also filed with the Commission a petition to limit or quash the CID to Sarah Scava on various asserted grounds, including that the CID was unreasonable because Ms. Scava was no longer involved with Elevated Health, that the CID sought information outside of the scope of the investigation, and that Ms. Scava should be permitted to provide written responses in lieu of testimony.

On November 19, 2018, the Commission issued a ruling denying both

---

[1] This petition and the one filed by Elevated Health are available here: https://www.ftc.gov/enforcement/cases-proceedings/petitions-quash/matter-fully-accountable-llc.

petitions.[2] The Commission ruled that the CID to Fully Accountable called for information within the scope of the investigation, especially "where Fully Accountable's responses to the earlier CID made its own document management a key issue and required the Commission to seek judicial intervention." *See* Order Denying Petitions to Limit and Quash Civil Investigative Demands, at 4-5. The Commission also concluded that the CID was not unduly burdensome. *Id.* at 5-6

The Commission further ruled that Elevated Health was not entitled to file a petition to limit or quash a CID directed to another person, here Sarah Scava. *Id.* at 6. The Commission also found that Elevated Health failed to comply with various Commission rules requiring the entity to meet and confer with Commission staff prior to the filing of such a petition. *Id.* Finally, the Commission found that none of Elevated Health's claims had substantive merit. *Id.* at 7.

Accordingly, the Commission ordered Sarah Scava to appear for testimony on November 29, 2018 and Fully Accountable to appear for testimony on November 30, 2018, or at the time, date, and location as Commission staff may determine. *Id.*

---

[2] The Commission's ruling can be found here: https://www.ftc.gov/system/files/documents/petitions-quash/matters-civil-investigative-demand-fully-accountable-llc-dated-september-10-2018-civil-investigative/1723195_fully_accountable_ftc_order_ruling_on_petition_and_exhibits_1-3_11-19-18.pdf.

The FTC respectfully offers to provide an updated status report at a future date of the Court's choosing.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | ALDEN F. ABBOTT<br>General Counsel |
|  | LESLIE RICE MELMAN<br>Assistant General Counsel for Litigation |
|  | */s/ Burke W. Kappler*<br>BURKE W. KAPPLER<br>Attorney |
|  | FEDERAL TRADE COMMISSION<br>600 Pennsylvania Ave., N.W.<br>Washington, DC 20580<br>Tel.: (202) 326-2043<br>Fax: (202) 326-2477 |
| Dated: November 26, 2018. | Email: bkappler@ftc.gov |

## Certificate of Service

I hereby certify that on November 26, 2018, I served the foregoing Status Report by filing it with the CM/ECF system for the Northern District of Ohio, which provides a notification to all counsel appearing in this matter.

>*/s/ Burke W. Kappler*
>BURKE W. KAPPLER