UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| FEDERAL TRADE COMMISSION | ) | **CASE NO.** 518MC54 |
| Petitioner, | ) | |
| | ) | **JUDGE SARA LIOI** |
| | ) | Magistrate Judge George J. Limbert |
| v. | ) | |
| | ) | |
| FULLY ACCOUNTABLE, LLC | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**FULLY ACCOUNTABLE, LLC'S PETITION TO ENFORCE
PETITION TO QUASH AND LIMIT**

Pursuant to 16 C.F.R. 2.7(d), Respondent, Fully Accountable, LLC ("FA") petitioned the Federal Trade Commission ("FTC") to limit or quash the Civil Investigative Demand ("CID") issued to FA on September 11, 2018 and received by FA on September 13, 2018. FA objects and seeks to quash and limit the CID as being improper and unenforceable for at least two (2) separate reasons: (1) the CID seeks information outside the scope of the FTC's original investigation; and (2) the CID is overly broad and unduly burdensome. The FTC denied this petition on November 23, 2018 and FA respectfully petitions this Court to issue an order to show cause thereby commence a proceeding to enforce the Petition to Quash and Limit.

The FTC has issued a second Civil Investigative Demand ("CID") to FA after compliance with the first CID that FA was issued. The original CID that the FTC issued stated that it was *"investigating whether Fully Accountable, its clients, or related entities or individuals have made deceptive or unsubstantiated representations in connection with the marketing of health related products, or have unlawfully charged or participated in the charging of consumers for products without the consumers' authorization."* The FTC asked this Court to enforce the CID on or around June 6, 2018. FA has fully complied with the first CID that it was issued by responding to all interrogatories and producing all documentation that it is in possession of.

In response, the FTC has issued a second CID, which FA requests be quashed and limited. For the reasons stated in the attached Memorandum in Support. FA properly petitioned the FTC to Quash and Limit the second CID, but the petitioned was denied by the Commission. This Court should enforce the Petition to Quash and Limit because the FTC is seeking information outside the scope of the original CID and outside the purpose stated in the second CID; and, because the CID is overly broad and unduly burdensome. The attached Memorandum of Support details why this Petition should be enforced and how the denial of the Petition to the FTC was an abuse of authority.

### Jurisdiction and Venue

1. This Court has jurisdiction pursuant to 28 U.S.C §§ 1331, 1337 (a), and 1345.
2. Venue is proper in this jurisdiction district under Section 20(e) of the FTC Act, 15 U.S.C § 57b-1(e), because Fully Accountable is found and transacts business here. Venue is also proper under 28 U.S.C § 1391.

## The Parties

3. Petitioner, the Federal Trade Commission, is an administrative agency of the United States, organized and existing under the FTC Act, 15 U.S.C §§ 41 et seq.

4. The Commission has statutory authority to address unfair or deceptive acts or practices such as, Section5(a) of the FTC Act, 15 U.S.C § 45(a), prohibits, and directs the Commission to combat, unfair methods of competition and unfair or deceptive acts or practices in or affecting commerce. Section 12 of the FTC Act, 15 U.S.C § 52 further prohibits false advertising for the purpose of inducing, directly or indirectly, the purchase of food, drugs, devices, services, or cosmetics.

5. The Commission has promulgated three ongoing resolutions pertinent to this case authorizing its staff to investigate various potential violations of the FTC Act and to use compulsory process to secure information related to the potential violations. The first resolution, File No. 0023191, authorizes the use of process to investigate whether entities are "directly or indirectly" "misrepresenting the safety of efficacy" of "dietary supplements, foods, drugs, devices, or any other product or services intended to provide a health benefit" on the grounds that such conduct could amount to "unfair or deceptive acts or practices or in making of false advertising... in violation of Section 5 and 12 of the Federal Trade Commission Act, 15 U.S.C §§5 and 52" Pet. Ex. 2 at 21.

6. The second resolution, File No. 9923259, authorizes the use of compulsory process to investigate whether entities are engaging in, among others, "deceptive or unfair practices involving Internet-related goods or services." If such conduct is taking place. It could violate Section 5 or 12 of the Federal Trade Commission Act, 15 U.S.C §§ 45, 52. Pet. Ex. 2 at 22.

7. The third resolution, File No. 082-3247, authorizes the use of process to determine if entities " have engaged in or are engaging in deceptive or unfair practices...in connection with making unauthorized charges or debits to consumers' accounts." Pet. Ex. 2 at 23 (emphasis added). If such conduct is occurring, it could violate Section 5 of the Federal Trade Commission Act, 15 U.S.C §§ 45, and/or the Electronic Fund Transfer Act, 15 U.S.C § 1693, et seq. Id.

8. Respondent Fully Accountable, LLC, is based in Fairlawn, Ohio. Fully Accountable markets itself as a "Back Office Solution" specializing in providing services to internet marketers. These services include compiling and reporting financial statistics, accounting and bookkeeping, business consulting, and human resources services.

9. Among Fully Accountable's clients are a group of entities that have marketed online several dietary supplements, including, but not limited to, a supplements called Geniux (and other names) that purportedly reduces cognitive decline and related conditions. The FTC learned that some consumers claimed that the marketers charged them for such products without authorization. For purposes of the CID at issue, there entities are called "Group A." *See* Pet. **Ex 1**

10. In addition, Fully Accountable itself is closely related to a second group of entities that centered around a company called Leading Health Supplements. These entities also marketed various supplements online, including skin creams, weight loss supplements, and a purported cognitive assistance supplement. As with the Group A Entities, the entities related to Fully Accountable have also been the subject of numerous consumer complaints regarding their marketing practices, including unauthorized charges to consumers' credit cards. For purposes of the CID at issue, there entities are called "Group B." *See* Pet. **Ex 1**

## The FTC's Investigation and Civil Investigative Demands

1. The FTC issued its first Civil Investigative Demand to Fully Accountable, LLC on or around September 21, 2017. This first CID sought to investigate is "… to determine whether Fully Accountable, the Group A Entities, or the Group B Entities, each as defined in the CID, and related entities and individuals have made or participated in making in any respect, false, misleading, or unsubstantiated representations in connection with the marketing of consumer products, in violation of Sections 5 and 12 of the Federal Trade Commission Act, 15 U.S.C 45 and 52, or have engaged in deceptive or unfair acts or practices by charging or participating in the charging, in any respect, for consumer products without consumers' authorization in violation of Section 5 of the FTC Act, …". *See* Pet. **Ex 1**

2. The FTC asked this Court to enforce the CID on or around June 6, 2018.

3. Fully Accountable consented to compliance with the CID that the FTC issued on or around August 18, 2018.

4. In a series of rounds of production, Fully Accountable responded to all Interrogatories in the CID and produced all documentation that it was in possession of in response to all Document Requests.

5. Specifically stated in the FTC's Petition to Enforce the CID, it sought the following information:
   a. Respondent's ownership, leadership, and organization;
   b. Respondent's relationship with the Group A and Group B Entities, including documents related to contracts, applications, or agreements with these entities;

    c. Accounting records and information for the Group A and Group B Entities, including records and information regarding Geniux product sales, and advertising and research expenses (and sales and advertising expenses for non-Geniux products);

    d. Records relating to payment processing service provided to the Group A and Group B Entities, including records relating to the entities payment processing activities; and

    e. Consumer complaints and related communications.

6. In compliance, Fully Accountable has responded and produced responses and documentation regarding each of those items. Specifically, Fully Accountable responded to each Interrogatory in the CID and each Document Specification in the CID and produced the relevant documentation for each of those Document Specifications.

7. On or around September 11, 2018, the FTC issued a second CID to Fully Accountable. *See* Pet. **Ex 2**.

8. This second CID seeks to investigate "…whether Fully Accountable, the Group A Entities, or the Group B Entities, each as defined in the CID, and related entities and individuals have made or participated in making in any respect, false, misleading, or unsubstantiated representations in connection with the marketing of consumer products, in violation of Sections 5 and 12 of the Federal Trade Commission Act, 15 U.S.C 45 and 52, or have engaged in deceptive or unfair acts or practices by charging or participating in the charging, in any respect, for consumer products without consumers' authorization in violation of Section 5 of the FTC Act, …".

9. On or around September 11, 2018, the FTC issued a CID to Sarah Scava, a CID in the Matter of Fully Accountable, LLC as a witness to the investigation. *See* Pet. **Ex 3.**

10. Fully Accountable filed a Petition to Limit or Quash the CID pursuant to 16 C.F.T 2.7(d) on or around October 3, 2018 in compliance with the statute. *See* Pet. **Ex 4.**

11. Sarah Scava filed a Petition to Limit or Quash the CID pursuant to 16 C.F.T 2.7(d) on or around October 3, 2018 in compliance with the statute. *See* Pet. **Ex 5.**

12. On or around November 23, 2018, the FTC issued an Order denying the Petition to Quash for both Fully Accountable, LLC and Sarah Scava. *See* Pet. **Ex 6.**

13. The CID issued to Fully Accountable, LLC seeks irrelevant information from FA that is outside the scope of the investigation and the CID is unduly burdensome, unreasonable, and in some instance duplicative of the previous CID, and to enforce it is an overreach of the Federal Trade Commission authority.

14. The CID issued to Sarah Scava seeks information that could be answered through interrogatories and not require oral testimony as Sarah Scava is a part of neither Elevated Health, LLC or Fully Accountable. To require compliance with oral testimony is unduly burdensome and not reasonably necessary.

## Prayer for Relief

WHEREFORE, Fully Accountable, LLC respectfully petitions this Court and prays for:

a. A prompt determination of this matter and entry of an order:

    (i) Enforcing Fully Accountable, LLC's Petition to Quash and Limit;

    (ii) Granting such other and further relief as this Court deems just and proper.

Respectfully Submitted,

*[signature]*

Rachel L Scava (0092694)
Fully Accountable, LLC
2680 West Market St
Akron, Ohio 44333
Telephone: (216) 810 – 4705
Facsimile: (234) 542 – 1029
Email: rachel.scava@fullyaccountable.com
*Attorney for Respondent Fully Accountable, LLC*

Dated: November 28, 2018.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| FEDERAL TRADE COMMISSION | ) | **CASE NO.** 518MC54 |
| Petitioner, | ) | |
| | ) | **JUDGE SARA LIOI** |
| | ) | Magistrate Judge George J. Limbert |
| v. | ) | |
| | ) | |
| FULLY ACCOUNTABLE, LLC | ) | |
| | ) | |
| Respondent. | ) | |

**FULLY ACCOUNTABLE, LLC'S MEMORANDUM
OF POINTS AND AUTHORITIES IN SUPPORT OF PETITION TO ENFORCE
PETITION TO QUASH AND LIMIT**

Fully Accountable, LLC brought this proceeding to enforce a Petition to Quash and Limit a Civil Investigative Demand ("CID") that it filed with the Federal Trade Commission and was unfairly denied by the Federal Trade Commission by overreaching its authority. The CID that was issued was the second CID issued as part of an investigation "… to determine whether Fully Accountable, the Group A Entities, or the Group B Entities, each as defined in the CID, and related entities and individuals have made or participated in making in any respect, false, misleading, or

Page **1** of **12**

unsubstantiated representations in connection with the marketing of consumer products, in violation of Sections 5 and 12 of the Federal Trade Commission Act, 15 U.S.C 45 and 52, or have engaged in deceptive or unfair acts or practices by charging or participating in the charging, in any respect, for consumer products without consumers' authorization in violation of Section 5 of the FTC Act, …".

Fully Accountable has already fully complied with a CID that was investigating this exact issue with regard to the same parties. As part of that compliance, Fully Accountable responded to all Interrogatories and Document Specifications and produced over 500 pages of documentation relating to those Document Specifications. The Federal Trade Commission issued a second CID to Fully Accountable investigating the same issue through Oral Testimony on broad topics that are either: (1) not reasonably relevant to the investigation and overreaching which broadens the scope of the investigation, (2) the oral testimony is burdensome, unreasonable, and in some instance duplicative.

The Federal Trade Commission has exploited its authority under 16 CFR 2.10 to enforce the CID and deny a petition to quash and limit. First, the denial contains significant falsities and misrepresentations that are factually inaccurate. Secondly, the CID at issue broadens the scope of the investigation and seeks information that is not relevant to the stated purpose. The Federal Trade Commission has attempted to overcome this by stating that the boundary of relevant information may be broadly defined by the agency if the information is "relevant to the investigation." *See* **Ex 6** p4. Moreover, the Federal Trade Commission is causing an undue burned on a small business by requiring oral testimony and repeated responding to the same questions. Lastly, the denial of the Sarah Scava CID based on the theory that the Petition to Limit or Quash

is not available, is procedurally incorrect and they argument provides multiple inconsistencies and factual misrepresentations.

## Legal Standard

The Federal Trade Commission has been granted the authority to investigate practices that is believes may constitute deceptive or unfair trade practices under 15U.S.C 45(a). While this statue has granted the FTC this authority, its subpoena power under the statue is not limitless.[1] Limiting the powers of the FTC is especially necessary where, as here, the FTC is pursuing an unlimited inquiry where there is no limit on the scope of the investigation and it continues to issue new CID's to expand its search.

Congress has provided the FTC with the authority to conduct reasonable investigations using investigatory tools such as subpoena's and CID's. This authority though, does not grant unlimited investigation authority and the federal courts are used as a safeguard against agency abuse.[2] The federal courts serve as an independent reviewing authority with "the power to condition enforcement upon observance to [a party's] valid interests.[3] Congress has continually denied to confer upon administrative agencies their own subpoena enforcement power. The reason they have not conferred this authority to the administrative agencies and kept the enforcement power with the federal courts is to "ensure that targets of investigations are accorded due process" and because federal courts will not act as rubber stamps on FTC CID's.[4]

The United States Supreme Court established the recognized standard for whether an administrative agency's subpoena should be enforced in *U.S. v Morton Salt Co.*[5] In *Morton Salt*,

---

[1] "A subpoena from the FTC is not self-enforcing." *Wearly v. FTC* 616 F.2d 662,665 (3d Cir. 1980).
[2] *See, e.g., Oklahoma Press Publishing Co. v. Walling*, 327 US 186, 208 (1946).
[3] *Wearly*, 616 F.2d at 655
[4] Sean Doherty, Commodity Futures Tradition Common v Collins: Is the Rationale Sound for Establishing an Exception to Subpoena Law for Tax Returns?, 7 DePaul Bus. L.J. 365, 376 (1995).
[5] 338 US 632,652 (195).

the Supreme Court recognized that "a governmental investigation into corporate matters may be of such a sweeping nature and so unrelated to the matter properly under inquiry as to exceed the investigatory power."[6] The Supreme Court instructed that an agency's subpoena, like the CID at issue here, should not be enforced if it demands information that is (1) not "within the authority of the agency"; (2) "too indefinite"; or (3) not "reasonably relevant to the inquiry."[7]

Additionally, in Morton Salt, the Supreme Court recognized that if the corporation had objected and presented evidence concerning the excessive scope or breadth of the investigation, like FA is here, the corporation "could have obtained any reasonable modification necessary."[8]

In the application of the Morton Salt standard, Courts have consistently held that an administrative subpoena and other investigative demands must be "reasonable."[9] We see this application in *FTC v Texaco*, where the court found that the "disclosure sought must always be reasonable." When the federal court evaluates the disclosure, the court must consider whether an agency's demand is unduly burdensome.[10]

We further see this consideration of unduly burdensome in *SEC v. Arthur Young & Co.*, where the Court recognized that "the gist of the protection is in the requirement… that the disclosures sought shall not be unreasonable. Correspondingly, the need for moderation in the subpoena's call is a matter of reasonableness."[11] A CID that is "unduly burdensome or unreasonably broad" fails this test.[12] As such, the time, expense, and whether compliance threatens to unduly disrupt or

---

[6] *Morton*, 338 US at 652.
[7] *Morton*, 338 US at 62.
[8] *Morton*, 338 US at 654
[9] See e.g., *United States v. Constr. Prods. Research, Inc.*, 73 F.3d 464, 471 (2d Cir. 1966) ("the disclosure sought must always be reasonable"); *Texaco*, 555 F.2d at 881 ("the disclosure sought shall not be unreasonable").
[10] *FTC v Texaco, Inc.*, 555 F.2d 862,882 (DC Cir. 1977)
[11] *Arthur Young & Co.*, 584 F.2d at 1030
[12] *Texaco*, 555 F.2d at 882

seriously hinder normal business operations may be raised by a party challenging a civil investigative demand.[13]

## Argument

For the reasons stated in the following points, Fully Accountable is entitled to judicial enforcement of the Petition to Quash and Limit for Fully Accountable and Elevated Health/Sarah Scava.

### A. The CID improperly seeks irrelevant information from FA that is outside the scope of the FTC's investigation and information that is overly broad with no limit.

The test for the relevancy of an administrative subpoena is "whether the information sought is 'reasonably relevant' to the agency's inquiry, as we see in *Morton*.[14] The CID at issue, must "not [be] so overbroad as to reach into areas that are irrelevant or immaterial… [and] the test is relevance to the specific purpose."[15] Accordingly, the CID should be limited or quashed because it demands Oral Testimony from FA that is not reasonably relevant to the FTC's investigation.

The Commission denied the Petition to Quash and Limit based on the theory that a "CID request need not be limited to that information necessary to prove specific charges;" and that it may call for documentation and information that are "relevant to the investigation." *See* **Ex 6**. P4. Using this standard, the information sought in the second CID issued to Fully Accountable should be quashed because this information sought is not relevant to the investigation.

First, the investigation is seeking to "… determine whether Fully Accountable, the Group A Entities, or the Group B Entities, each as defined in the CID, and related entities and individuals

---

[13] *Texaco*, 555 F.2d at 882-83
[14] *FTC v. Anderson*, 631 F.2d 741, 745-46 (D.C. Cir. 1979).
[15] *Arthur Young and Co.*, 584 F.2d at 1028; 1030.

have made or participated in making in any respect, false, misleading, or unsubstantiated representations in connection with the marketing of consumer products, in violation of Sections 5 and 12 of the Federal Trade Commission Act, 15 U.S.C 45 and 52, or have engaged in deceptive or unfair acts or practices by charging or participating in the charging, in any respect, for consumer products without consumers' authorization in violation of Section 5 of the FTC Act, …". Elevated Health, LLC nor Sarah Scava are parties included in either the Group A Entities, the Group B Entitles, or Fully Accountable. The suggestion that because Sarah Scava worked for Fully Accountable at some point in time and that because Elevated Health is connected to Sarah Scava means it is within the scope of the investigation to require oral testimony on these two (2) broad topics is a massive overreach of authority and misapplication of 15 U.S.C 45(a). This would mean that the FTC has the ability to issue a CID to Fully Accountable every time that it wishes to know Fully Accountable's relationship with various parties. This is not a permissible application of the statute.

    Secondly, the investigation is not investigating the business practices of Fully Accountable with regard to the service that it provides to its clients. Fully Accountable has stated in the previous CID all the responses to the broad topics that are listed in Investigative Hearing Topics 3 – 5. To dive further in to the business practices on how we store client information, destruction policies, etc is not reasonably relevant to an investigation on clients that have not been clients of Fully Accountable for two (2) plus years, most of which are no longer in business. There are clear policies that have been defined and given to the Federal Trade Commission. Allowing the investigation of these topics expands the scope of the investigation and creates an overbroad reach into topics that are not reasonably relevant to the investigation.

The Commission denied this point stating that "FTC staff must be allowed latitude in taking steps to explore relevant topics by issuing supplemental process and taking testimony.." *See* **Ex 6** p4. This is in direct contradiction of *Arthur*, where the court found the CID at issue, must "not [be] so overbroad as to reach into areas that are irrelevant or immaterial... [and] the test is relevance to the specific purpose."[16] The topics listed are both overbroad and indefinite allowing the FTC to question on topics and not specifics as well as reached in to areas that are immaterial and irrelevant. The FTC is wanting to take "latitude" and state that the investigation does not have to be for a specific charge, but, the FTC is investigating if Fully Accountable violated specific provisions of the FTC Act. These broad topic inquiries do not assist in or provide any relevant testimony in determining if Fully Accountable and Group A/B Entities violated those Sections of the FTC Acts. Accordingly, these inquiries are not reasonably relevant to the investigation and as they are written are overbroad and indefinite in nature.

Lastly, at no point in time from the time of the last production to receiving the second CID issued, did Fully Accountable receive notice from the FTC on what they are claiming are "deficiencies" in the CID responses. To date, Fully Accountable is not aware of any deficiencies, but rather is now being questioned on more topics with no explanation on how this relates to the investigation. Fully Accountable responded to each interrogatory and document specification and produced over 500 pages in response to the first CID. The majority of the clients in the Group A and Group B entities have not been clients for 2 or more years. Several of the companies in the Group A and Group B Entities were never clients of Fully Accountable. If there were deficiencies in the production, the Federal Trade Commission should have raised those to Fully Accountable in an effort to resolve the matter, not issue a second CID creating a sweeping investigation. Fully

---

[16] *Arthur Young and Co.*, 584 F.2d at 1028; 1030.

Accountable cannot produce documentation on services that it never provided. Being dissatisfied with the production does not permit a sweeping investigation that is overly broad and that investigates areas that are irrelevant or immaterial.

This Court must intervene here and find that the Federal Trade Commission's second CID to Fully Accountable calls for irrelevant testimony and is calling for testimony that is overly broad. By applying the Morton Salt standard, this Court must find that an investigative demand must be "reasonable"[17] and that the CID here is not reasonably relevant. Further, by applying *FTC v Texaco*, where the court found that the "disclosure sought must always be reasonable" this second CID fails this standard.

### B. The Investigational Hearing Testimony is unduly burdensome, unreasonable, and duplicative.

While Congress has provided the FTC with the authority to conduct reasonable investigations through the use of subpoena's and CID's, as the Court found in *FTC v Texaco*, the "disclosure sought must always be reasonable."[18] Further, the Court in *SEC v Arthur Young*, "the gist of the protection is the requirement…that the disclosures sought shall not be unreasonable.[19] Correspondingly, the need for moderation in the subpoena's call is a matter of reasonableness."[20] A CID that is "unduly burdensome or unreasonably broad fails this test.[21]

It is unduly burdensome and completely unreasonable to request FA to provide Oral Testimony on Interrogatories and Document Specifications that it has already answered in full. To

---

[17] See e.g., *United States v. Constr. Prods. Research, Inc.*, 73 F.3d 464, 471 (2d Cir. 1966) ("the disclosure sought must always be reasonable"); *Texaco*, 555 F.2d at 881 ("the disclosure sought shall not be unreasonable").
[18] *Texaco*, 555 F.2d at 881
[19] *Arthur Young & Co.*, 584 F.2d at 1030
[20] *Arthur Young & Co.*, 584 F.2d at 1030
[21] *Texaco*, 555 F.2d at 882

continually require FA to respond to the same inquiries, repeatedly, in different formats such as written and then oral, is unduly burdensome for a company. FA is a small business that requires its principals to participate in the day to day activities of the business and the repeated request of the FTC to respond to the same inquiries, which have been responded to in full, forces FA to pull its principals off their day to day work and substantially burdens the business.

It is absolutely unreasonable to ask duplicative questions, that have been responded to in full, in various methods to somehow achieve a different response. Further, the way that the questions have been written above are overly broad and it is unreasonable to ask FA to prepare for questioning that has no limit. It is an abuse of power to have open ended questions in an investigation that has a specific purpose; especially when the inquiries have already been responded to. The authority of the FTC to continually issue CID's to FA with open ended questions on responses already provided in full is an abuse of the agency's power to investigate. Congress has repeatedly limited this power to "ensure that targets of investigations are accorded accorded due process."[22] Accordingly, the CID should be limited or quashed because it demands Oral Testimony from FA that is unduly burdensome and unreasonably broad.

The Federal Trade Commission denied the Petition to Quash and Limit stating that "production may leave questions unanswered." *See* **Ex 6** p5. If this is true, then the FTC should have produced those questions to Fully Accountable for Fully Accountable to provide answers to. To require Oral Testimony on topics that have been shown to be irrelevant is unreasonable. It is unduly burdensome to require Fully Accountable, a small business built upon producers who each generate revenue through client engagements to engage in Oral Testimony when such information

---

[22] Sean Doherty, Commodity Futures Tradition Common v Collins: Is the Rationale Sound for Establishing an Exception to Subpoena Law for Tax Returns?, 7 DePaul Bus. L.J. 365, 376 (1995).

was already obtained during the compliance of the previous CID. Further, it is just as burdensome to require Fully Accountable to respond to the same questions in various formats repeatedly. Lastly, the Commission states that the Oral Testimony is creating a burden on the Company *See.* **Ex 6** p5. Yet, in the denial it finds that "testimony provides a crucial opportunity for Commission staff to obtain information and test a Company's responses in real time... the value to the FTC outweighs the burden it is imposing." Justice cannot be served if an agency adjudicates its own decisions and is able to find that while the accept they are imposing the burden, because it is in their best interests, the burden is overlooked. This is where the Court must step in to prevent an unlimited investigational authority to the agency. The authority that has been conferred to the Federal Trade Commission is not unlimited and federal courts are used as a safeguard against agency abuse.[23] The federal courts serve as an independent reviewing authority with "the power to condition enforcement upon observance to [a party's] valid interests.[24] Congress has continually denied to confer upon administrative agencies their own subpoena enforcement power. The reason they have not conferred this authority to the administrative agencies and kept the enforcement power with the federal courts is to "ensure that targets of investigations are accorded due process" and because federal courts will not act as rubber stamps on FTC CID's.[25] Finding in their best interests and not based on the facts is agency abuse of its power and because of that, the Petition to Quash and Limit should be enforced.

### C. As a Third Party, Sarah Scava is entitled to File a petition to Quash and Limit a CID.

---

[23] *See, e.g., Oklahoma Press Publishing Co. v. Walling*, 327 US 186, 208 (1946).
[24] *Wearly*, 616 F.2d at 655
[25] Sean Doherty, Commodity Futures Tradition Common v Collins: Is the Rationale Sound for Establishing an Exception to Subpoena Law for Tax Returns?, 7 DePaul Bus. L.J. 365, 376 (1995).

Sarah Scava does in fact have the right to file a Petition to Quash and Limit. The instructions for filing the Petition to Quash and Limit were included in the CID that was produced and served upon her. *See* **Ex. 3**.

The opinion denying the Petition contains several inconsistencies and factual misrepresentations. First, Attorney Rachel Scava did identify herself as the Attorney for Sarah Scava. There were three (3) meet and confers between Harris Senturia and Adrienne Jenkins as the FTC representatives. Please see the attached **Ex 7** which is a series of email chains that detail the various calls, days, and times. Next, the Commission attempts to claim that there was misconduct of some nature and that the proper procedural methods were not taken, but this is factually inaccurate, and in fact they are the ones who have misrepresented the "procedural requirements seriously" *See* **Ex 6** p6. The Petition to Quash does include Sarah Scava and Elevated Health because Elevated Health was Sarah Scava's company up and through December 2017 and because service was received at Elevated's last known address, not Sarah Scava's address. Each point in the Petition to Quash is detailed for both Sarah Scava individually and for Elevated Health showing how the CID is unreasonable for both parties and unduly burdensome on Sarah Scava.

Lastly, the Petition that was filed seeks to have Sarah Scava's responses limited to written responses as she is 1.) employed by another company full time and it is unduly burdensome to require her to take time off her job for this investigation that has already been shown is too sweeping and Sarah Scava nor Elevated Health included in the investigation; 2.) she has not been involved with Fully Accountable since January 2018; and 3.) she has not been involved with Elevated Health since December 2017. More importantly, the topics that the Commission is requiring Oral Testimony on are able to be given through written responses. As they have stated, this party is only a witness to the matter and thus written responses would be proper as to unduly

burden a non-party (one of which is not reasonably relevant and outside the scope of the investigation) is an overreach of authority by the agency. In Morton Salt, the Supreme Court recognized that if the corporation had objected and presented evidence concerning the excessive scope or breadth of the investigation, like Elevated Health/Sarah Scava have, the corporation "could have obtained any reasonable modification necessary."[26] A reasonable modification here would have been written responses to the questions asked in the CID.

For these reasons, the Elevated Health/Sarah Scava CID should be Quashed entirely because it is outside the scope. Should it be found that it is within the scope of the investigation, the written responses are more appropriate.

### Conclusion

For the reasons stated, the Court should grant the Fully Accountable and Sarah Scava/Elevated Health Petitions to Quash and Limit and enter an Order enforcing the both Petitions.

Respectfully Submitted,

_____
Rachel L Scava (0092694)
Fully Accountable, LLC
2680 West Market St
Akron, Ohio 44333
Telephone: (216) 810 – 4705
Facsimile: (234) 542 – 1029
Email: rachel.scava@fullyaccountable.com
*Attorney for Respondent Fully Accountable, LLC*

Dated: November 28, 2018.

---

[26] *Morton*, 338 US at 654