# EX 3

Case: 5:18-mc-00054-SL Doc #: 21-3 Filed: 11/28/18 1 of 13. PageID #: 242



UNITED STATES OF AMERICA
FEDERAL TRADE COMMISSION
WASHINGTON, D.C. 20580

Office of the Secretary

SEP 1 1 2018

<u>Via Federal Express</u>
Sarah Scava
369 Tulip Trail
Wadsworth, OH 44281

    FTC Matter No. 1723195

Dear Sarah Scava:

    The Federal Trade Commission ("FTC") has issued the attached Civil Investigative Demand ("CID") asking for information as part of a non-public investigation. Our purpose is to determine whether Fully Accountable, the Group A Entities, or the Group B Entities, each as defined in the attached CID, and related entities and individuals, have made or participated in making, in any respect, false, misleading, or unsubstantiated representations in connection with the marketing of consumer products, in violation of Sections 5 and 12 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 45 and 52, or have engaged in deceptive or unfair acts or practices by charging or participating in the charging, in any respect, for consumer products without consumers' authorization, in violation of Section 5 of the FTC Act, and whether Commission action to obtain monetary relief would be in the public interest. Please read the attached documents carefully. Here are a few important points we would like to highlight:

1. **Contact FTC counsel, Harris Senturia (216-263-3420; hsenturia@ftc.gov) as soon as possible to schedule an initial meeting to be held within 14 days.** You can meet in person or by phone to discuss any questions you have, including whether there are changes to how you comply with the CID that would reduce your cost or burden while still giving the FTC the information it needs. Please read the attached documents for more information about that meeting.

2. **You must immediately stop any routine procedures for electronic or paper document destruction, and you must preserve all paper or electronic documents** that are in any way relevant to this investigation, even if you believe the documents are protected from discovery by privilege or some other reason.

3. **The FTC will use information you provide in response to the CID for the purpose of investigating violations of the laws the FTC enforces.** We will not disclose the information under the Freedom of Information Act, 5 U.S.C. § 552. We may disclose the information in response to a valid request from Congress, or other civil or criminal federal, state, local, or foreign law enforcement agencies for their official law enforcement purposes. The FTC or other agencies may use and disclose

your response in any federal, state, or foreign civil or criminal proceeding, or if required to do so by law. However, we will not publicly disclose your information without giving you prior notice.

4. **Please read the attached documents closely.** They contain important information about where and when you must appear to give testimony.

Please contact FTC counsel as soon as possible to set up an initial meeting. We appreciate your cooperation.

Very truly yours,

Donald S. Clark by JPF
Donald S. Clark
Secretary of the Commission



# CIVIL INVESTIGATIVE DEMAND
## Oral Testimony

| 1. TO<br><br>SARAH SCAVA<br>369 TULIP TRAIL<br>WADSWORTH, OH 44281 | 2. FROM<br><br>UNITED STATES OF AMERICA<br>FEDERAL TRADE COMMISSION |
|---|---|
| | 2a. MATTER NUMBER 1723195 |

This demand is issued pursuant to Section 20 of the Federal Trade Commission Act, 15 U.S.C. § 57b-1, in the course of an investigation to determine whether there is, has been, or may be a violation of any laws administered by the Federal Trade Commission by conduct, activities or proposed action as described in Item 6.

| 3. LOCATION OF HEARING<br><br>1111 Superior Avenue,<br>Suite 200,<br>Cleveland, OH 44114 | 4. YOUR APPEARANCE WILL BE BEFORE<br><br>Harris A. Senturia, or other duly designated person |
|---|---|
| | 5. DATE AND TIME OF HEARING<br><br>October 11, 2018 at 9:30AM |

### 6. SUBJECT OF INVESTIGATION

See attached Subject of Investigation and Schedule and attached resolutions.

| 7. RECORDS CUSTODIAN/DEPUTY CUSTODIAN<br>Samuel Baker/Jon Steiger, Federal Trade Commission,<br>1111 Superior Avenue, Suite 200,<br>Cleveland, OH 44114<br>(216) 263-3414/(216) 263-3442 | 8. COMMISSION COUNSEL<br>Harris A. Senturia, Federal Trade Commission,<br>1111 Superior Avenue, Suite 200,<br>Cleveland, OH 44114<br>(216) 263-3420 |
|---|---|

| DATE ISSUED<br>9/10/18 | COMMISSIONER'S SIGNATURE |
|---|---|

## INSTRUCTIONS AND NOTICES

The delivery of this demand to you by any method prescribed by the Commission's Rules of Practice is legal service and may subject you to a penalty imposed by law for failure to comply. This demand does not require approval by OMB under the Paperwork Reduction Act of 1980.

## PETITION TO LIMIT OR QUASH

The Commission's Rules of Practice require that any petition to limit or quash this demand be filed within 20 days after service, or, if the return date is less than 20 days after service, prior to the return date. The original and twelve copies of the petition must be filed with the Secretary of the Federal Trade Commission, and one copy should be sent to the Commission Counsel named in Item 8.

## YOUR RIGHTS TO REGULATORY ENFORCEMENT FAIRNESS

The FTC has a longstanding commitment to a fair regulatory enforcement environment. If you are a small business (under Small Business Administration standards), you have a right to contact the Small Business Administration's National Ombudsman at 1-888-REGFAIR (1-888-734-3247) or www.sba.gov/ombudsman regarding the fairness of the compliance and enforcement activities of the agency. You should understand, however, that the National Ombudsman cannot change, stop, or delay a federal agency enforcement action.

The FTC strictly forbids retaliatory acts by its employees, and you will not be penalized for expressing a concern about these activities.

## TRAVEL EXPENSES

Use the enclosed travel voucher to claim compensation to which you are entitled as a witness for the Commission. The completed travel voucher and this demand should be presented to Commission Counsel for payment. If you are permanently or temporarily living somewhere other than the address on this demand and it would require excessive travel for you to appear, you must get prior approval from Commission Counsel.

A copy of the Commission's Rules of Practice is available online at http://bit.ly/FTCsRulesofPractice. Paper copies are available upon request.

FTC Form 141 (rev. 11/17)

## Form of Certificate of Compliance*

      I/We do certify that all of the information required by the attached Civil Investigative Demand which is in the possession, custody, control, or knowledge of the person to whom the demand is directed has been submitted to a custodian named herein.

      If an interrogatory or a portion of the request has not been fully answered or portion of the report has not been completed the objection to such interrogatory or uncompleted portion and the reasons for the objection have been stated.

Signature _____

Title _____

Sworn to before me this day

_____  _____

_____

Notary Public

_____

*In the event that more than one person is responsible for answering the interrogatories or preparing the report, the certificate shall identify the interrogatories or portion of the report for which each certifying individual was responsible. In place of a sworn statement, the above certificate of compliance may be supported by an unsworn declaration as provided for by 28 U.S.C. § 1746.

FTC Form **141**-back (rev 11/17)

FEDERAL TRADE COMMISSION ("FTC")
CIVIL INVESTIGATIVE DEMAND ("CID") SCHEDULE
FTC File No. 1723195

**Meet and Confer:** You must contact **FTC counsel, Harris Senturia (216-263-3420; hsenturia@ftc.gov),** as soon as possible to schedule a meeting (telephonic or in person) to be held within fourteen (14) days after you receive this CID. At the meeting, you must discuss with FTC counsel any questions you have regarding this CID or any possible CID modifications that could reduce your cost, burden, or response time yet still provide the FTC with the information it needs to pursue its investigation. The meeting also will address how to assert any claims of protected status (e.g., privilege, work-product, etc.) and the production of electronically stored information.

**Document Retention:** You must retain all documentary materials used in preparing responses to this CID. The FTC may require the submission of additional documents later during this investigation. **Accordingly, you must suspend any routine procedures for document destruction and take other measures to prevent the destruction of documents** that are in any way relevant to this investigation, even if you believe those documents are protected from discovery. *See* 15 U.S.C. § 50; *see also* 18 U.S.C. §§ 1505, 1519.

**Sharing of Information:** The FTC will use information you provide in response to the CID for the purpose of investigating violations of the laws the FTC enforces. We will not disclose such information under the Freedom of Information Act, 5 U.S.C. § 552. We also will not disclose such information, except as allowed under the FTC Act (15 U.S.C. § 57b-2), the Commission's Rules of Practice (16 C.F.R. §§ 4.10 & 4.11), or if required by a legal obligation. Under the FTC Act, we may provide your information in response to a request from Congress or a proper request from another law enforcement agency. However, we will not publicly disclose such information without giving you prior notice.

**Certification of Compliance:** You or any person with knowledge of the facts and circumstances relating to the responses to this CID must certify that such responses are complete by completing the "Form of Certificate of Compliance" set forth on the back of the CID form or by signing a declaration under penalty of perjury pursuant to 28 U.S.C. § 1746.

**Definitions and Instructions:** Please review carefully the Definitions and Instructions that appear after the Specifications and provide important information regarding compliance with this CID.

## SUBJECT OF INVESTIGATION

Whether Fully Accountable, the Group A Entities, or the Group B Entities, each as defined herein, and related entities and individuals, have made or participated in making, in any respect, false, misleading, or unsubstantiated representations in connection with the marketing of consumer products, in violation of Sections 5 and 12 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 45 and 52, or have engaged in deceptive or unfair acts or practices by charging or participating in the charging, in any respect, for consumer products without

consumers' authorization, in violation of Section 5 of the FTC Act, and whether Commission action to obtain monetary relief would be in the public interest. See also attached resolutions.

## SPECIFICATIONS

**Applicable Time Period:** Unless otherwise directed, the applicable time period for the requests set forth below is from **July 1, 2014, until the date of full and complete compliance with this CID.**

A. **Investigational Hearing Testimony:** Subjects for testimony will include the following:

1. Your employment (or other relationship) with Fully Accountable, including all titles Fully Accountable gave you or that you used, and your compensation.

2. Work that you performed for Fully Accountable and its clients, including any work you performed for any of the Group A Entities or Group B Entities.

3. The formation of Elevated Health.

4. The business of Elevated Health, including, but not limited to, Elevated Health's business model and business practices, all sources of revenue and investment, and the disposition of funds.

5. Your role or roles with Elevated Health, and all income you received from Elevated Health.

6. Any other person's role or roles in connection with Elevated Health, including but not limited to Rachel Scava's role or roles in connection with Elevated Health.

7. All relationships between Elevated Health and Fully Accountable.

8. All relationships between Elevated Health and any of the Group A Entities or Group B Entities.

9. All relationships between Elevated Health and any of the following entities:

    a. Scava Holdings, LLC

    b. CMG Tax & Consulting, LLC

    c. VEF International, Inc.

    d. TCWT Holdings, LLC

10. All relationships between Elevated Health and any entity you know or understand to be connected, directly or indirectly, with you, Rachel Scava, Christopher M. Giorgio, or Vincent Fisher.

11. Work that you performed for any of the Group A Entities or Group B Entities outside of the scope of your employment (or other relationship) with Fully Accountable, and all income you received from any of those entities.

12. Work that you performed for any of the following entities, and all income you received from any of them:

   a. Scava Holdings, LLC

   b. CMG Tax & Consulting, LLC

   c. VEF International, Inc.

   d. TCWT Holdings, LLC

13. Work that you performed, directly or indirectly, for any entity you understand to be connected, directly or indirectly, with Rachel Scava, Christopher M. Giorgio, or Vincent Fisher, outside of the scope of your employment (or other relationship) with Fully Accountable, and all income you received from any such entities.

## DEFINITIONS

The following definitions apply to this CID:

D-1. "**You**" or "**Your**" means Sarah Scava.

D-2. "**Fully Accountable**" means **Fully Accountable, LLC**, its wholly or partially owned subsidiaries, unincorporated divisions, joint ventures, operations under assumed names, and affiliates, and all directors, officers, members, employees, agents, consultants, and other persons working for or on behalf of the foregoing, including, but not limited to, Christopher Giorgio and Rachel Scava.

D-3. "**Elevated Health**" means **Elevated Health LLC**, its wholly or partially owned subsidiaries, unincorporated divisions, joint ventures, operations under assumed names, and affiliates, and all directors, officers, members, employees, agents, consultants, and other persons working for or on behalf of the foregoing.

D-4. "**Document**" means the complete original, all drafts, and any non-identical copy, whether different from the original because of notations on the copy, different metadata, or otherwise, of any item covered by 15 U.S.C. § 57b-1(a)(5), 16 C.F.R. § 2.7(a)(2), and Federal Rule of Civil Procedure 34(a)(1)(A).

D-5. "**Group A Entity(ies)**" shall mean any or all of the following: **Innovated Health LLC, Global Community Innovations LLC, Premium Health Supplies, LLC, Buddha My Bread LLC, Innovated Fulfillment LLC, Vista Media LLC, Emerging Nutrition Inc., ShipSmart LLC, Guerra Company LLC, ASH Abbas LLC,** and **Your Healthy Lifestyle LLC**, their wholly or partially owned subsidiaries, unincorporated divisions, joint ventures, operations under

assumed names, successors, and affiliates, and all directors, officers, members, employees, agents, consultants, and other persons working for or on behalf of the foregoing, including, but not limited to, Fred Guerra, Lanty Gray, Rafat Abbas, Ashraf Abbas, Robby Salaheddine, and Rachel Scava.

D-6. **"Group B Entity(ies)"** shall mean any or all of the following: **Leading Health Supplements, LLC (also dba Health Supplements), AMLK Holdings, LLC, General Health Supplies, LLC, Natural Health Supplies, LLC, BHCO Holdings, LLC,** and **Consumer's Choice Health, LLC**, their wholly or partially owned subsidiaries, unincorporated divisions, joint ventures, operations under assumed names, successors, and affiliates, and all directors, officers, members, employees, agents, consultants, and other persons working for or on behalf of the foregoing.

## INSTRUCTIONS

I-1. **Petitions to Limit or Quash**: You must file any petition to limit or quash this CID with the Secretary of the FTC no later than twenty (20) days after service of the CID, or, if the return date is less than twenty (20) days after service, prior to the return date. Such petition must set forth all assertions of protected status or other factual and legal objections to the CID and comply with the requirements set forth in 16 C.F.R. § 2.10(a)(1) – (2). **The FTC will not consider petitions to quash or limit if you have not previously met and conferred with FTC staff and, absent extraordinary circumstances, will consider only issues raised during the meet and confer process.** 16 C.F.R. § 2.7(k); *see also* § 2.11(b). **If you file a petition to limit or quash, you must still timely respond to all requests that you do not seek to modify or set aside in your petition.** 15 U.S.C. § 57b-1(f); 16 C.F.R. § 2.10(b).

I-2. **Withholding Requested Material / Privilege Claims**: If you withhold from production any material responsive to this CID based on a claim of privilege, work product protection, statutory exemption, or any similar claim, you must assert the claim no later than the return date of this CID, and you must submit a detailed log, in a searchable electronic format, of the items withheld that identifies the basis for withholding the material and meets all the requirements set forth in 16 C.F.R. § 2.11(a) – (c). The information in the log must be of sufficient detail to enable FTC staff to assess the validity of the claim for each document, including attachments, without disclosing the protected information. If only some portion of any responsive material is privileged, you must submit all non-privileged portions of the material. Otherwise, produce all responsive information and material without redaction. 16 C.F.R. § 2.11(c). The failure to provide information sufficient to support a claim of protected status may result in denial of the claim. 16 C.F.R. § 2.11(a)(1).

I-3. **Modification of Specifications**: The Bureau Director, a Deputy Bureau Director, Associate Director, Regional Director, or Assistant Regional Director must agree in writing to any modifications of this CID. 16 C.F.R. § 2.7(l).

I-4. **Scope of Search**: This CID covers documents and information in your possession or under your actual or constructive custody or control, including documents and information in the possession, custody, or control of your attorneys, accountants, directors, officers, employees,

service providers, and other agents and consultants, whether or not such documents or information were received from or disseminated to any person or entity.

I-5.    **Sensitive Personally Identifiable Information ("Sensitive PII") or Sensitive Health Information ("SHI"):** If any materials responsive to this CID contain Sensitive PII or SHI, please contact FTC counsel before producing those materials to discuss whether there are steps you can take to minimize the amount of Sensitive PII or SHI you produce, and how to securely transmit such information to the FTC.

Sensitive PII includes an individual's Social Security number; an individual's biometric data (such as fingerprints or retina scans, but not photographs); and an individual's name, address, or phone number in combination with one or more of the following: date of birth, Social Security number, driver's license or state identification number (or foreign country equivalent), passport number, financial account number, credit card number, or debit card number. SHI includes medical records and other individually identifiable health information relating to the past, present, or future physical or mental health or conditions of an individual, the provision of health care to an individual, or the past, present, or future payment for the provision of health care to an individual.

I-6.    **Oral Testimony Procedures:** The taking of oral testimony pursuant to this CID will be conducted in conformity with Section 20 of the Federal Trade Commission Act, 15 U.S.C. § 57b-1, and with Part 2A of the FTC's Rules, 16 C.F.R. §§ 2.7(f), 2.7(h), and 2.9.

UNITED STATES OF AMERICA
FEDERAL TRADE COMMISSION

COMMISSIONERS:  Jon Leibowitz, Chairman
Pamela Jones Harbour
William E. Kovacic
J. Thomas Rosch

**RESOLUTION DIRECTING USE OF COMPULSORY PROCESS IN A NONPUBLIC INVESTIGATION OF UNNAMED PERSONS ENGAGED DIRECTLY OR INDIRECTLY IN THE ADVERTISING OR MARKETING OF DIETARY SUPPLEMENTS, FOODS, DRUGS, DEVICES, OR ANY OTHER PRODUCT OR SERVICE INTENDED TO PROVIDE A HEALTH BENEFIT OR TO AFFECT THE STRUCTURE OR FUNCTION OF THE BODY**

File No. 0023191

Nature and Scope of Investigation:

To investigate whether unnamed persons, partnerships, or corporations, or others engaged directly or indirectly in the advertising or marketing of dietary supplements, foods, drugs, devices, or any other product or service intended to provide a health benefit or to affect the structure or function of the body have misrepresented or are misrepresenting the safety or efficacy of such products or services, and therefore have engaged or are engaging in unfair or deceptive acts or practices or in the making of false advertisements, in or affecting commerce, in violation of Sections 5 and 12 of the Federal Trade Commission Act, 15 U.S.C. §§ 45 and 52. The investigation is also to determine whether Commission action to obtain redress for injury to consumers or others would be in the public interest.

The Federal Trade Commission hereby resolves and directs that any and all compulsory processes available to it be used in connection with this investigation for a period not to exceed ten (10) years from the date of issuance of this resolution. The expiration of this ten (10) year period shall not limit or terminate the investigation or the legal effect of any compulsory process issued during the ten (10) year period. The Federal Trade Commission specifically authorizes the filing or continuation of actions to enforce any such compulsory process after expiration of the ten year period.

Authority to conduct investigation:

Sections 6, 9, 10, and 20 of the Federal Trade Commission Act, 15 U.S.C. §§ 46, 49, 50, and 57b-1, as amended; FTC Procedures and Rules of Practice, 16 C.F.R. § 1.1 et seq. and supplements thereto.

By direction of the Commission.  *Donald S. Clark*
Donald S. Clark
Secretary

Issued: August 13, 2009

UNITED STATES OF AMERICA
BEFORE THE FEDERAL TRADE COMMISSION

COMMISSIONERS:  Edith Ramirez, Chairwoman
Maureen K. Ohlhausen
Terrell McSweeny

RESOLUTION DIRECTING USE OF COMPULSORY PROCESS IN NON-PUBLIC INVESTIGATION OF UNNAMED PERSONS, PARTNERSHIPS OR CORPORATIONS ENGAGED IN THE DECEPTIVE OR UNFAIR USE OF E-MAIL, METATAGS, COMPUTER CODE OR PROGRAMS, OR DECEPTIVE OR UNFAIR PRACTICES INVOLVING INTERNET-RELATED GOODS OR SERVICES

File No. 9923259

Nature and Scope of Investigation:

To determine whether unnamed persons, partnerships or corporations have been or are engaged in the deceptive or unfair use of e-mail, metatags, computer code or programs, or deceptive or unfair practices involving Internet-related goods or services, in violation of Sections 5 or 12 of the Federal Trade Commission Act, 15 U.S.C. §§ 45, 52, as amended. The investigation is also to determine whether Commission action to obtain equitable monetary relief for injury to consumers or others would be in the public interest.

The Federal Trade Commission hereby resolves and directs that any and all compulsory processes available to it be used in connection with this investigation for a period not to exceed five years from the date of issuance of this resolution. The expiration of this five-year period shall not limit or terminate the investigation or the legal effect of any compulsory process issued during the five-year period. The Federal Trade Commission specifically authorizes the filing or continuation of actions to enforce any such compulsory process after the expiration of the five-year period.

Authority to Conduct Investigation:

Sections 6, 9, 10, and 20 of the Federal Trade Commission Act, 15 U.S.C. §§ 46, 49, 50, and 57b-1, as amended; FTC Procedures and Rules of Practice, 16 C.F.R. Part 1.1 et seq, and supplements thereto.

By direction of the Commission.

Donald S. Clark
Secretary

Issued: August 1, 2016

UNITED STATES OF AMERICA
BEFORE THE FEDERAL TRADE COMMISSION

COMMISSIONERS:  Edith Ramirez, Chairwoman
Julie Brill
Maureen K. Ohlhausen
Joshua D. Wright

RESOLUTION DIRECTING USE OF COMPULSORY PROCESS IN A NON-PUBLIC INVESTIGATION OF UNAUTHORIZED CHARGES TO CONSUMERS' ACCOUNTS

File No. 082-3247

Nature and Scope of Investigation:

To determine whether unnamed persons, partnerships, corporations, or others have engaged in or are engaging in deceptive or unfair acts or practices in or affecting commerce, in connection with making unauthorized charges or debits to consumers' accounts, including unauthorized charges or debits to credit card accounts, bank accounts, investment accounts, or any other accounts used by consumers to pay for goods and services, in violation of Section 5 of the Federal Trade Commission Act, 15 U.S.C. § 45, and/or the Electronic Fund Transfer Act, 15 U.S.C. § 1693, *et seq*. The investigation is also to determine whether Commission action to obtain monetary relief, including consumer redress, disgorgement, or civil penalties, would be in the public interest.

The Federal Trade Commission hereby resolves and directs that any and all compulsory processes available to it be used in connection with this investigation for a period not to exceed five (5) years from the date of issuance of this resolution. The expiration of this five-year period shall not limit or terminate the investigation or the legal effect of any compulsory process issued during the five-year period. The Federal Trade Commission specifically authorizes the filing or continuation of actions to enforce any such compulsory process after the expiration of the five-year period.

Authority to Conduct Investigation:

Sections 6, 9, 10, and 20 of the Federal Trade Commission Act, 15 U.S.C. §§ 46, 49, 50, and 57b-1, FTC Procedures and Rules of Practice, 16 C.F.R. § 1.1 *et seq.*, and supplements thereto, Section 917(c) of the Electronic Fund Transfer Act, 15 U.S.C. § 1693*o*(c), and Regulation E, 12 C.F.R. § 205.1 *et seq.*, and supplements thereto.

By direction of the Commission.

*Donald S. Clark*
Donald S. Clark
Secretary

Issued: September 20, 2013