# EX 6

Case: 5:18-mc-00054-SL Doc #: 21-6 Filed: 11/28/18 1 of 5. PageID #: 287

UNITED STATES OF AMERICA
BEFORE THE FEDERAL TRADE COMMISSION

COMMISSIONERS:   Joseph J. Simons, Chairman
Noah Joshua Phillips
Rohit Chopra
Rebecca Kelly Slaughter
Christine Wilson

| | |
|---|---|
| In the Matters of<br><br>CIVIL INVESTIGATIVE DEMAND TO FULLY ACCOUNTABLE, LLC DATED SEPTEMBER 10, 2018<br><br>and<br><br>CIVIL INVESTIGATIVE DEMAND TO SARAH SCAVA DATED SEPTEMBER 10, 2018 | File No. 1723195<br>November 19, 2018 |

ORDER DENYING PETITIONS TO LIMIT AND QUASH
CIVIL INVESTIGATIVE DEMANDS

**By WILSON, Commissioner:**

Fully Accountable, LLC ("Fully Accountable") and Elevated Health, LLC ("Elevated Health") petition to quash or limit civil investigative demands ("CID") for testimony issued by the Commission as part of the Commission's investigation of Fully Accountable and its relationships with various internet marketers of dietary supplements and other products. Fully Accountable seeks to quash or limit a CID seeking testimony by a company representative pursuant to FTC Rule 2.7(h), 16 C.F.R. § 2.7(h). Elevated Health, an affiliate of Fully Accountable, did not receive a CID. Nonetheless, it seeks to quash or limit a CID for testimony issued to Sarah Scava, a former employee of Fully Accountable with ties to Elevated Health.[1] For the reasons stated below, we deny the petitions.

---

[1] Petitioners have not attached the challenged CIDs to their petitions. To assist the reader, we have therefore appended the CIDs hereto as Orders Exhibit 1 (CID issued to Fully Accountable) and Exhibit 2 (CID issued to Sarah Scava). Because of its relevance to resolution of the pending petitions, the CID for documents issued to Fully Accountable on September 21, 2017 is attached as Order Exhibit 3. Citations to text in these exhibits refer to Bates numbers appearing in the bottom margins.

At Fully Accountable's request, FTC staff modified the CID to allow the company to produce its documents and interrogatory responses on rolling deadlines spanning a four-week period in October and November 2017. Despite these modifications and extensions, Fully Accountable failed to produce *any* documents and its interrogatory responses omitted required details about its ownership, leadership, and organizational structure. Additionally, it provided only evasive answers to several interrogatory requests.

When Fully Accountable refused to address these deficiencies, the Commission instituted CID enforcement proceedings in the Northern District of Ohio. *See Federal Trade Commission v. Fully Accountable, LLC*, No. 5:18-mc-00054-SL (N.D. Ohio June 8, 2018). On August 13, 2018, the district court issued an order directing Fully Accountable to comply fully with the CID within 10 days. Fully Accountable made supplemental productions and submitted to the Commission a certificate of compliance. After FTC staff examined the supplemental productions, they determined that deficiencies remained. Accordingly, on September 21, 2018, the Commission filed a status report with the district court stating that the Commission does not "agree at this time that Fully Accountable has complied in full[,]" and further informed the court that it had "undertaken additional investigational steps to assess the completeness of the production and to move the matter forward generally." *Id.*, Doc. 15.

The two CIDs at issue constitute part of the "additional investigational steps" referenced in the Commission's status report. The CID issued to Fully Accountable requires the company to designate a witness to appear and testify at an FTC investigational hearing on seven topics. The designated topics include a description of the steps Fully Accountable took to comply with the earlier CID. Other topics include a description of Fully Accountable's relationship with a former employee, Sarah Scava, and with petitioner, Elevated Health, a firm that may be affiliated with or related to Fully Accountable.[3] *See* Order Ex. 1 at 6. A separate CID asks Sarah Scava to testify on 13 topics. Among other topics, the CID requires Ms. Scava to describe her relationship to Fully Accountable and Elevated Health as well as Elevated Health's relationships to Fully Accountable and other entities. *See* Order Ex. 2 at 6-7.

As required by FTC Rule 2.7(k), 16 C.F.R. 2.7(k), FTC staff and counsel for Fully Accountable – Rachel Scava – conferred by telephone on September 24, 2018. A few days later, counsel Rachel Scava called FTC staff, and stated that she also represented Sarah Scava. In a series of telephone calls between September 28 and October 3, 2018, she conferred with staff regarding possible modifications to the CID issued to Sarah Scava. During these telephone calls, FTC staff also offered to conduct the

---

employees, agents, consultants, and other persons" working on behalf of several specified individuals. Order Ex. 3 at 13-14.

[3] A search of public records shows that Sarah Scava registered Elevated Health LLC with the Ohio Secretary of State on December 20, 2016.

staff to obtain information and test a company's responses in real time, we find that the value to the Commission of investigational hearings outweighs any reasonable burdens they may impose.

### III. As a Third Party, Elevated Health Is Not Entitled to File a Petition to Quash an FTC CID

Elevated Health, LLC seeks to quash or limit the CID issued to Sarah Scava on September 10, 2018. As an initial matter, we note that Elevated Health is mistaken in asserting that the CID in question was issued to Elevated Health, with Sarah Scava designated as the individual to provide testimony on behalf of the entity. *See* Elevated Health Pet. 3-4. In fact, the Commission did not issue a CID to Elevated Health. It issued the CID to Sarah Scava personally to testify on the basis of her own knowledge of the designated topics. *See* Order Ex. 2 at 1, 3, 6 (specifying Sarah Scava as CID recipient).

Given these circumstances, Elevated Health may not seek to limit or quash Ms. Scava's CID. Section 20(c) of the FTC Act, 15 U.S.C 57b-1(c), authorizes the Commission to issue a CID to "any person" the Commission has reason to believe has documents, tangible things, or information relevant to unfair or deceptive acts in or affecting commerce. In turn, Section 20(f)(1) states that after being served with a CID, "such person" may file a "petition for an order by the Commission modifying or setting aside the demand." 15 U.S.C. § 57b-1(f)(1). Section 20(f) makes no provision, however, for such a petition to be filed by any person other than the person served with the CID. *Id.* Because Elevated Health's petition is not properly before the Commission, we decline to consider any of the arguments it advances in support of its petition to quash or limit.

Even if Elevated Health could file such a petition, Elevated Health's failure to comply with the requirement that it meet and confer with FTC staff prior to filing means that its arguments are not properly before the Commission. The Commission takes this procedural requirement seriously, as shown by two separate provisions in the Commission's Rules. Rule 2.7(k) cautions that "[t]he Commission will not consider petitions to quash or limit absent a pre-filing meet and confer session with Commission staff and, absent extraordinary circumstances, will consider only issues raised during the meet and confer process." 16 C.F.R. § 2.7(k). Rule 2.10 then directs CID recipients to include with any petition to limit or quash a statement describing the circumstances and attendees at the conference with staff and further provides that "[f]ailure to include the required statement may result in a denial of the petition." 16 C.F.R. § 2.10(a)(2). While Rachel Scava met and conferred with FTC staff regarding the CID issued to Sarah Scava, we are informed that she stated that she was doing so on behalf of Ms. Scava, not Elevated Health. We thus understand that FTC staff was not even aware Rachel Scava represented Elevated Health until she filed the instant petition on behalf of the company. Nor has Elevated Health presented any "extraordinary circumstances" justifying a departure from these rules. Accordingly, the Commission declines to consider Elevated Health's arguments in support of its petition to quash or limit.

In any event, the arguments advanced by Elevated Health would not call for any limitations on the scope of inquiry for testimony set forth in the CID. Elevated Health's petition presents a number of repetitive arguments that, taken together, amount to the following objections: (1) the CID is unreasonable because Ms. Scava is no longer involved with the subject company, *see, e.g.*, Elevated Health Pet. 7; (2) the CID is unreasonable because it seeks information about entities and individuals outside of the scope of the investigation, *see id.* at 8-9, 11, 14, 16, 17; and (3) the CID's requests for testimony are unduly burdensome and Sarah Scava should be permitted to respond in writing. *See id.* at 10-15, 17.

These objections provide no basis for limiting or quashing the CID. It is entirely permissible for Commission staff to seek testimony from individuals formerly involved with subject companies, including former employees. Moreover, for the reasons discussed above, neither Sarah Scava nor Elevated Health falls outside of the scope of the investigation, which extends to entities and individuals "related" to Fully Accountable. *See, e.g.*, Order Ex. 2 at 1, 5-6, 10-12 (resolutions); *see also Invention Submission Corp.*, 965 F.2d at 1090. Furthermore, the Commission is well within its rights in this instance to elect to require live testimony as an investigatory tool pursuant to the FTC Act and its implementing regulations. *See* 15 U.S.C. § 57b-1(c)(1); 16 C.F.R. §2.7(f).

## IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED THAT** Fully Accountable, LLC's Petition to Limit or Quash Civil Investigative Demand be, and hereby is, **DENIED**.

**IT IS FURTHER ORDERED THAT** Elevated Health, LLC's Petition to Limit or Quash Civil Investigative Demand is not properly before the Commission, and accordingly is **DENIED.**

**IT IS FURTHER ORDERED THAT** Sarah Scava shall comply in full with the Commission's Civil Investigative Demand and shall appear ready to testify on the specified topics at the designated location on **November 29, 2018** at **9:00 a.m.**, or at other such date, time, and location as FTC staff may determine.

**IT IS FURTHER ORDERED THAT** Fully Accountable, LLC shall comply in full with the Commission's Civil Investigative Demand and shall appear ready to testify on the specified topics at the designated location on **November 30, 2018** at **9:00 a.m.**, or at other such date, time, and location as FTC staff may determine.

By the Commission, Chairman Simons recused.

Donald S. Clark
Secretary

SEAL:
ISSUED: November 19, 2018