IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **FEDERAL TRADE COMMISSION**, Petitioner, <br><br> v. <br><br> **FULLY ACCOUNTABLE, LLC,** Respondent. | Misc. No. 5:18mc54 <br><br> JUDGE SARA LIOI <br> Magistrate Judge George J. Limbert |

**FEDERAL TRADE COMMISSION'S UNOPPOSED MOTION FOR EXTENSION OF TIME**

The Federal Trade Commission respectfully submits this unopposed motion for an extension of time to respond to Respondent Fully Accountable, LLC's Petition to Enforce Petition to Quash or Limit ("Petition"). Doc. 21. Specifically, the Commission seeks to respond to Fully Accountable's Petition by <u>January 11, 2019</u>. Counsel for the Commission has conferred with counsel for Fully Accountable and understands she does not oppose this request.

In support of its motion, the Federal Trade Commission states as follows:

1. Fully Accountable filed its Petition on November 28, 2018. Doc. 21.

2. Fully Accountable's Petition asks this court to enforce two

administrative Petitions to Limit or Quash filed with the Commission regarding two FTC Civil Investigative Demands (CIDs) seeking testimony, both issued on September 10, 2018. The first petition was filed by Fully Accountable and sought to quash or limit a CID issued to that company. The second was filed by non-party Elevated Health, LLC, and sought to quash or limit a CID issued to Sarah Scava. By order dated November 19, 2018, the Commission denied these petitions and ordered Fully Accountable and Ms. Scava to appear and provide testimony. Fully Accountable's filing essentially asks the Court to overturn the Commission's order and quash the CIDs in their entirety or otherwise limit them.

3. Because Fully Accountable's petition would effectively resolve the only issue it presents—whether the Commission is entitled to responses to its CIDs—Fully Accountable's petition is therefore akin to a dispositive motion and thus subject to the 30-day deadline for a response established in Local Rule 7.1(d). *See NLRB v. Frazier*, 966 F.2d 812, 817 (3d Cir. 1992) ("The proceeding to enforce an agency subpoena is like a motion to dismiss; once the court grants a motion to dismiss or compels compliance with a subpoena, the court disposes of the entire case before it."); *accord Aluminum Co. of America, Badin Works v. U.S. EPA*, 663 F.2d 499, 501 (6th Cir. 1981) (motion to quash search warrant found dispositive); *EEOC v. Schwan's Home Service,* 707 F. Supp. 2d 980, 989 (D. Minn. 2010) (finding an action to enforce an administrative subpoena *duces tecum* dispositive); *In re Administrative Subpoena Blue Cross Blue Shield of Massachusetts, Inc.*, 400 F. Supp. 2d 386, 389 (D. Mass. 2005) (same).

4. Applying the 30-day deadline, the Commission's response would be due on December 28, 2018.

5. Counsel for the Federal Trade Commission will be traveling overseas from December 25, 2018 to January 6, 2019 and will therefore be unavailable on December 28. The FTC therefore seeks an extension to allow it to respond on Friday, January 11, 2019.

6. FTC counsel conferred with counsel for Fully Accountable, who indicated she did not oppose this request.

7. The FTC has not sought or obtained any other extensions in responding to Fully Accountable's Petition.

## Conclusion

For these reasons, the Commission respectfully requests that the Court extend the time for a response to Fully Accountable's Petition to January 11, 2019.

        Respectfully submitted,

        ALDEN F. ABBOTT
        General Counsel

        LESLIE RICE MELMAN
        Assistant General Counsel for Litigation

        */s/ Burke W. Kappler*
        BURKE W. KAPPLER
        Attorney

        FEDERAL TRADE COMMISSION
        600 Pennsylvania Ave., N.W.
        Washington, DC 20580
        Tel.: (202) 326-2043
        Fax: (202) 326-2477
Dated: December 11, 2018.        Email: bkappler@ftc.gov

**Certificate of Service**

 I hereby certify that on December 11, 2018, I served the foregoing Unopposed Motion for Extension of Time by filing it with the CM/ECF system for the Northern District of Ohio, which provides a notification to all counsel appearing in this matter.

             */s/ Burke W. Kappler*
             BURKE W. KAPPLER