## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO

**FEDERAL TRADE COMMISSION**,
Petitioner,

v.

**FULLY ACCOUNTABLE, LLC,**
Respondent.

Misc. No. 5:18mc54

JUDGE SARA LIOI
Magistrate Judge George J. Limbert

### SECOND DECLARATION OF HARRIS A. SENTURIA

Pursuant to 28 U.S.C. § 1746, I declare as follows:

1.      I am an attorney employed by the U.S. Federal Trade Commission

(FTC or Commission) in the East Central Region Office in Cleveland, Ohio. I am

assigned to the FTC's investigation of Fully Accountable, LLC (FTC File No.

1723195).

2.      I previously executed a declaration in support of the FTC's Petition to

Enforce Civil Investigative Demand. *See* Doc. 1-1. That declaration discussed the

basis for the FTC's investigation and described the various ways in which Fully

Accountable failed to respond to a civil investigative demand (CID) issued by the

Commission in September 2017.

3.      I am authorized to execute this second declaration verifying the facts

that are set forth in the FTC's Opposition to Fully Accountable, LLC's Petition to

Enforce Petition to Quash and Limit. *See* Doc. 21. I will refer to Fully Accountable's

filing as "Petition." The facts set forth herein are based on my personal knowledge

or information made known to me in the course of my official duties.

FTC Opposition Exhibit 1

4. Fully Accountable is an Ohio limited liability company with its principal place of business at 2680 West Market Street, Fairlawn, Ohio 44333. Fully Accountable markets itself as a "Back Office Solution" specializing in providing services to internet marketers. In 2017, the FTC opened an investigation into Fully Accountable and the services it provided to groups of entities and affiliates involved in the internet marketing of various dietary and health-related supplements and skin creams. *See* Doc. 1-1 at 3-4.

5. The Commission issued a CID to Fully Accountable on September 21, 2017 (2017 CID) under the authority of three FTC resolutions, each of which authorizes the use of compulsory process to investigate the conduct at issue. *See* Doc. 1-1 at 4-6; Doc. 1-2 at 21-23.

6. Fully Accountable failed to comply with the 2017 CID. Although Fully Accountable submitted a notarized Certificate of Compliance, the company in fact provided no documents and only partial or evasive responses to the few answered interrogatories. *See* Doc. 1-1, Att. 1. As a result, on June 8, 2018, the Commission commenced this action in the Northern District of Ohio to enforce the 2017 CID. *See* Doc. 1 *et seq*.

7. Fully Accountable did not file an opposition to the FTC's Petition to Enforce Civil Investigative Demand. Following a hearing on August 9, 2018, the district court issued an order on August 13, 2018, requiring Fully Accountable to comply fully within 10 days. Doc. 14.

8.    On August 17, 2018, Fully Accountable made what it claimed was its final production in response to the 2017 CID. On August 23, 2018, Fully Accountable sent a second Certificate of Compliance, certifying that "all of the documents, information and tangible things" required by the CID had been submitted.

9.    As we reviewed the supplemental responses, we observed several deficiencies and inconsistencies. For example, Fully Accountable produced to us information that proved incomplete, only amending its response after it had already certified its production as complete. In other instances, the company changed its position in its supplemental responses and produced information and documents that it previously claimed to have lacked. Finally, the company provided corrected or expanded supplemental responses to multiple specifications, confirming that its initial response was not complete as it had certified.

10.    To explore these and other deficiencies and inconsistencies, to determine whether Fully Accountable had complied with this Court's Order, and to obtain more information in support of the investigation, the Commission issued a second CID to Fully Accountable on September 10, 2018 (2018 Fully Accountable CID). The 2018 Fully Accountable CID seeks testimony from that entity on seven topics. These topics included the company's responses to the 2017 CID, the company's document preservation efforts, and the company's records management system. The CID also seeks testimony regarding the company's relationships to Sarah Scava, a former employee, and to an entity called Elevated Health, LLC, a

company that appears to be involved in marketing products to consumers over the internet and that has ties to individuals connected to Fully Accountable, including Sarah Scava.

11.     The Commission also issued a CID to Sarah Scava on September 10, 2018 (the 2018 Sarah Scava CID). The 2018 Sarah Scava CID seeks only testimony on 13 topics, including her work with Fully Accountable, her involvement with Elevated Health and its business, and the relationships among Sarah Scava, Elevated Health, and other entities and individuals at issue in the investigation.

12.     Following service of the 2018 CIDs, I was contacted by Rachel Scava. In a series of email and telephone communications, Rachel Scava stated that she represented both Fully Accountable and Sarah Scava and we began to discuss potential dates for Fully Accountable's testimony.

13.     On October 5, 2018, in the midst of these discussions, Fully Accountable filed with the Commission a petition to limit or quash the 2018 Fully Accountable CID for testimony. That same day, Elevated Health (not Sarah Scava) also filed with the Commission a petition to limit or quash the 2018 Sarah Scava CID on various asserted grounds. The filing by Elevated Health (rather than Sarah Scava) surprised us, as Rachel Scava had not informed us that she was representing Elevated Health in any of our conversations.

14.     On November 19, 2018, the Commission issued a seven-page opinion denying both petitions to limit or quash. Accordingly, the Commission ordered

FTC Opposition Exhibit 1

Sarah Scava to appear for testimony on November 29, 2018 and Fully Accountable to appear for testimony on November 30, 2018, or at the time, date, and location as Commission staff may determine.

15. Following the Commission's opinion, I exchanged emails with Rachel Scava regarding scheduling this testimony.

16. On November 28, 2018, Fully Accountable filed its Petition. Shortly after, Rachel Scava informed me by email that neither Fully Accountable nor Sarah Scava would schedule testimony until a determination on that Petition was made by the Court.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 4, 2019

Harris A. Senturia, Staff Attorney
East Central Region Office
Federal Trade Commission